1   WO

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8   United States of America,                )
                                             )
9                    Plaintiff,              )          No. 08-3252 M
                                             )
10  v                                        )
                                             )
11                                           )          **ORDER**
    Pedro Rodriguez-Morales,                 )
12                                           )
                    Defendant,               )          *(Reentry After Deportation)*
13  _____

14          HAVING considered the Motion of the Defendant to allow the Government

15  additional time under the Speedy Trial Act to file an indictment, together with the

16  Government's Response, the Court finds that the ends of justice served by granting the

17  extension outweigh the best interest of the public and the Defendant in a speedy trial.  18

18  U.S.C. § 3161(h)(8)(A).

19          In making this finding, the Court has considered each of th factors specified in 18

20  U.S.C. § 3161(h)(8)(B).  In addition, the Court has considered the following:

21          1.      Counsel has only recently been appointed;

22          2.      The defendant earnestly wishes to review a plea offer if extended by the
                    government;

23

24          3.      The defendant wishes to investigate possible defenses prior to considering the
                    government's plea offer;

25          4.      The government's plea offer if accepted by the defendant and then the court,
                    would likely reduce defendant's exposure to a significant term of
26                  imprisonment;

27          5       If the defendant does not timely accept the plea offer prior to indictment, the
                    government will withdraw said plea offer and any subsequent plea offer after
28                  indictment would likely be less advantageous to the defendant;

6. Failure to extend time for indictment in this instance would thus operate to bar defendant from reviewing the government's plea offer in a meaningful way prior to indictment; and

7. The ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy indictment.

The Court therefore concludes that the ends of justice are best served by granting an extension of time to present the case to the grand jury and in excluding a period of thirty (30) days under the Speedy Trial Act.   In making this determination, the Court has particularly taken into account that the failure to grant the Defendant's request "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).

**IT IS HEREBY ORDERED** that defendant's Motion to Extend Time for Indictment requesting an extension of thirty (30) days within the government may seek to indict defendant, is hereby granted.

**IT IS FURTHER ORDERED** that pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, the Government shall have an extension of thirty (30) days to file a timely Indictment. Excludable time shall begin to run on the 31st day after arrest for a period of thirty (30) days in which the Government may present the case to the grand jury.

DATED this 27th day of June, 2008.

Lawrence O. Anderson
United States Magistrate Judge